Bank of New York Mellon v. 7321 Wandering Street Trust, which was scheduled for today. Originally for yesterday, for tomorrow, but it is scheduled for today. All right. Please proceed. Yes, Your Honor. Good afternoon. My name is Luis Ayanna. I represent the Wandering Street Trust. This case today is really about issue preclusion. We're really going forward on one set of one argument, essentially, that due to the set of facts in this one, there's a complaint filed and a second complaint filed. One was dismissed, but this is kind of part of the Nevada super priority in HOA cases, which I'm sure the justices are quite fond of. But this is one of those issues. Not justices, just judges. Judges. Thank you. But in this case, any set of facts would apply to what we're seeking. We're seeking basically that the claim preclusion precluded the second complaint from being filed. What we're asking is that based on Nevada law, based on the rules, that the first case that was dismissed based on not filing an opposition to a motion dismissed or two extensions were granted was ultimately dismissed based on a local rule for not filing an opposition. Now, another case was filed shortly after. Probably about one was filed, or the order was filed in February. The second complaint was then filed in November. So there was about eight months apart for the two, which is kind of the timing is a little bit important here because had counsel, the law firm that represented Bank of New York Mellon, had they filed a motion for reconsideration or to set aside that order based on that, there would have been a higher standard. They would have had a more difficult to show. They would have had to show more than just good cause in order to get that set aside. So the timing of the second complaint is important here. Now, under the argument is that based on there's a district court rule that was cited in the order that said it was a dismissal without prejudice, therefore they can file it. Now, Nevada law, the Nevada Supreme Court has already ruled on this issue in Five Star Capital, a case that we cited. Now, Nevada law clearly says that in that case there was a counsel who failed to show up to two calendar calls and it was a dismissal then, and the argument is that they went ahead and dismissed it with prejudice at that point. A second complaint was then filed, and based on the same rationale, they say, listen, you're precluded from filing the second complaint. Here, same issue. Now, it's a little bit difficult to reconcile or admit, but if we are looking at, you know, what law controls in this instance, it would be Nevada law. Nevada Supreme Court controls. Federal court rules control. But they were construing the Nevada rules of civil procedure and how they apply. We don't normally apply state rules of civil procedure. We would apply our own. Do we have to look at this under our Rule 41 or their Rule 41? Now, I think that it's under diversity, so you rule under the Nevada, but the rules are the same. So you could apply either rule to it because this would fall under 41B, which is an involuntary dismissal. Now, under an involuntary dismissal, there's only three sets of, you know, three scenarios where it would not be a dismissal without prejudice. That's service, jurisdiction, and there's one more. But this would have been based on local rule that you just didn't file in opposition. And you can kind of analogize the same way as that for, you know, for example, discovery, and you have, like, admissions. And if you don't answer those admissions, they're deemed admitted unless you file, you know, a corrective motion to try to do that. And they had the opportunity. Same counsel was involved in both cases in this set of facts. So they would have had the opportunity to go ahead and say, hey, listen, or seek relief from the court to be able to set aside that first order. And they didn't do that. They went ahead and just filed, you know, a second complaint at that point. So based on that, I mean, if I have any other questions, it's a very straightforward argument. You know, suppose we were to reach the merits. What are we supposed to make of the seemingly conflicting decisions in PennyMAC and Prestige Rentals? Those are – that's a tough set of facts for me to argue right now because I would really need the Nevada Supreme Court to issue one set of opinion that says that under the super-priority lien, under the super-priority lien, you can't do what the collection company did in this case. Now, I think, you know, just reading the crystal ball, they haven't decided this issue, but they would basically have to say that based on this lien, it would have still extinguished it, and they can't sell – they can't withhold the sub-priority portion of that lien. I think that's a tough set of facts. And right now, you know, I'll agree that, you know, that chance of me arguing on the merits of this case would be very, very difficult. But I think that underscores why I'm here today. For example, if this was a wrongful death claim that I was defending, and all of a sudden I had a situation where, you know, a motion for summary judgment wasn't responded to, and it wasn't responded to twice, and then they went ahead and filed a second lawsuit, well, under the rules and under the case law, I would guide my – I would counsel my client to say, listen, we should prevail because this is claim preclusion. And that's kind of the problem that we have in this situation, is that under what set of rules that we have, under the case law that we have, we should be, you know, we should be precluded, or they should be precluded for bringing a second lawsuit. And that's what kind of the underlying policy is. So merits of the case – if we get to the merits of the case, I'll concede that we're going to have a tough time with that. But I think with this argument that we have, I think it's pretty clear, is that this was a dismissal with prejudice. There was a judgment issued in this case. And instead of trying to seek relief under that order, they didn't do that. They went ahead and filed a second complaint, which is really, you know, it was a mistake too. I think they should have tried to at least set aside that, the first order. What was the basis of the motion to dismiss? This was a 12B6 motion. So it was a failure to state a claim. And to kind of give you a little bit of background, when the original motion was filed, and I was counsel for the first lawsuit, the first decision, the SFR decision that kind of clarified the super-priority lien law was first filed. So we had a basis to look for dismissal based on that. Now, law has changed since that. So I don't know if we would have filed a motion to dismiss at that point in time. But at that time, we had a basis for saying, listen, you know, based under Nevada law, you know, you don't have a basis for seeking relief in this case. We could dismiss your lawsuit. And the dismissal was without prejudice? No. The order says it doesn't say with or without. But there was a judgment issued the same day as the order was submitted. And under Rule 41, unless it falls under lack of service, lack of jurisdiction, that's usually adjudicated on the merits. And under the Nevada case law that says five-star, the same thing. It's usually an adjudication on the merits. So really the prudent thing for counsel or for, you know, BNY to do was to seek relief under Rule 60 under the same underlying case. Now, you submitted all the materials to the district court from the first case to show, establish your preclusion argument, correct? Yes. And the reliance. Did they not end up in the record that we have a request for judicial notice? I'm just confused by that. And I don't know. You're not right. I couldn't explain that. I know there was a decision that they're relying on that was that dismissal, when you don't file an opposition to a couple motions, that's without prejudice. I think that's an incorrect conclusion. I read the case again a couple times before we got here. And that was a per se plaintiff in that case. So I know there are special rules for per se plaintiffs that are kind of alerting them to that. No, I was asking a more housekeeping question of you've requested judicial notice in this court of the materials that establish that the prior suit was filed and what was done with it, the basic elements of preclusion. Yes, Your Honor. But why would we have to do that when you submitted them in the record below? Because they were attached to your motion below. Did he just, did the district just fail to act on a judicial notice motion below? Or why did they not make it in the record when you attached them to your motion? I don't quite remember that, Your Honor. I think I know that we did attach them to the motion, but I don't know why they didn't quite make it there. I think it was requested by the clerk's office, this clerk's office, that we had done that because there was something missing there. I think that's what we tried to figure out because I think going back, we tried to correct the record at that point because there was a request to do so. It seems from the district court's opinion below that he had in front of him the materials that you put in the request for judicial notice. I read your request for judicial notice to be more saying that somehow or other these materials were regarded perhaps by our clerk's office as part of a separate case. Therefore, you needed to file a separate request for judicial notice. I'm not sure whether that was correct or not, but that seems to maybe be what's happened here. Maybe, and I'll be honest with you, I don't know. I think that we were trying to respond to the clerk's office. We thought that we provided enough of the record, but I think that was my first encounter with something like this where we had it. So I think we tried to do our best, but that's the end result that we had. Thank you very much. Thank you. Good afternoon. Natalie Winslow for Bank of New York Mellon. The district court correctly determined that Bank of New York Mellon's lien was not extinguished through the HOA's foreclosure sale. There was a pre-sale announcement that the opening bid would not be- Why would we even get to the merits? He's conceded that he has trouble on the merits. Why would we get to the merits when you filed a prior lawsuit and your firm took two extensions and then did nothing and allowed the case to be dismissed with a 12B6 granted and a judgment entered? Why isn't that the end of it? Our position, Judge Collins, is that the dismissal was without prejudice. And even though the- It doesn't say that. And what it says is that it took the motion, which was a 12B6, as unopposed, and therefore the motion is granted. Granting a 12B6 motion would ordinarily be thought of as disposing of the case on the merits. And then so if you do that and enter a judgment, how could that be characterized as being without prejudice? Well, just as Your Honor said, it's ordinarily determined to be with prejudice. There's a presumption that a 12B6 motion is with prejudice. And given the context and circumstances here, which I hope to explain to you, this was a dismissal without prejudice. Now, as we have already conceded, the order did not say it was with or without prejudice. So what we need to actually look at is Federal Rule of Civil Procedure 41B to determine what the import of that dismissal is. And the trust argues that this is an involuntary dismissal under Rule 41B. And assuming that's the case, what 41B says is that unless the order states otherwise, it's a dismissal on the merits. But this Court, in other contexts, when analyzing, for example, 41A, similar to what Your Honor just said about ordinarily 12B6 dismissals are with prejudice, under the 41A provision of the rule, the Court has said that there's merely a presumption that This isn't under 41A. That's correct, Your Honor. My argument is this Court has looked at the language under 41A, which is similar in respect to 41A says unless the order says otherwise, the dismissal is without prejudice. Under 41B, unless the order says otherwise, the dismissal is with prejudice. But you're really in the second clause of 41B. 41B has two parts. It said a motion under this rule, kind of a sanctions motion. But that's not what happened here. What happened is the 12B6 was granted. And then it carves out in that second clause three types of 12B motions from the rule, and you're not in those. And so your 12B6 is then one that is treated, the rest of the language says, as an adjudication on the merits. That doesn't sound like without prejudice. I apologize, Your Honor. I'm not explaining correctly, if I may. What this Court has said under 41A, we're not saying that this was a 41A dismissal, but when this Court has looked at 41A, it has construed the language of unless the order states otherwise, this is a dismissal without prejudice. What the Ninth Circuit has said in that context is that language is just a presumption that the dismissal is without prejudice. But that presumption can be overcome by the facts and circumstances of the individual case. What about these facts rebuts that presumption? Right, Your Honor. Several things. Initially, the prior court order was one page. It granted the motion to dismiss solely on a failure to conform to local rules. It made no substantive finding or ruling or in any way held that the trust's motion was substantively meritorious. It was purely a procedural grant of a motion to dismiss. For example, the prior order did not find that Bank of New York Mellon's deed of trust was extinguished. It did not quiet title in the trust's name, nor could it have done that, because the trust had not asserted any claims against Bank of New York Mellon in that action. That's all true, but that is not what Rule 41B requires. It does not require a decision on the merits. It creates a default rule that says if you're not in one of these other categories, it's an adjudication upon the merits. And so that would seem to be what we have here. That's right, Your Honor. If we just took 41B as a hardline rule and didn't look at whether the language in 41B was merely creating a presumption, I think that Your Honor is right. My argument here today is – Where do you see in 41B any mention of creating a presumption? It's not in there, Your Honor. No, I didn't see it. Yeah, it's not in there, Your Honor. It says if the plaintiff fails to prosecute, which he did because you got a dismissal under 12B-6 and you got two extensions, and you didn't prosecute that, you didn't amend, you didn't correct the local error, local rule error, so isn't that a failure to prosecute? Your Honor, it was – You were the plaintiff. We were the plaintiff, yes, Your Honor. It was a failure to – well, what the district court said was that the motion to dismiss was granted under the local rule 7-2D, which says that the failure to oppose a motion is a consent to granting of the motion. So the court granted the motion to dismiss for failure to comply with the local rule. That's what happened, yes, Your Honor. But it granted you leave to amend. Did not grant leave to amend. In fact – Did you seek leave to amend? We did not, and I think that that's important for – this is an important point for showing that the dismissal was without prejudice, and that is because instead of granting leave to amend, what the court did was enter a judgment against us, and ordinarily failure to give leave to amend on a 12B-6 is improper unless the court finds that amendment would be futile. And there's certainly no finding in the court's order or in the judgment that – Why wouldn't you have gone back to district court number one and said, whoa, whoa, whoa, wait a minute here. This case has been dismissed in error. I want to amend my complaint. Please allow me to do so, and here's an explanation for why I failed to follow the court rules in failing to submit an opposition brief after multiple extensions. That certainly would have been one avenue to obtain relief. We didn't do that, so here we are today trying to defend what we didn't do by going to the – Why didn't your firm respond to the motion after affirmatively seeking two extensions? I'm sorry, Your Honor. Why didn't your firm respond to the motion to dismiss after seeking two extensions? You're obviously aware of it. Your Honor, it's not in the record, so I don't know, and I was not personally handling it, so I just don't know. I do want to, if I may – I see my time is running a little low. I do want to just address, even if this court were to find that 41B applies to say that this was an adjudication on the merits, the first court order, that doesn't mean necessarily that the trust wins. Even if this court were to – well, let me back up just a second. What the SEMTEC decision from the U.S. Supreme Court says, written by Justice Scalia, he goes through to great pains of saying that adjudication on the merits, really what that language is saying in 41B is with prejudice. So what we would have here is an – I'm sorry. We would have a dismissal with prejudice, and what SEMTEC says is that a dismissal with prejudice is not necessarily entitled to preclusive effect. But it means you can't refile in the same court, which is exactly what you did. Right. It would mean that we could not refile in the same court. So if this court were to find that this was a dismissal with prejudice, what we would ask is that – well, at best, what the trust would get would be a reversal, but that judgment shouldn't necessarily be given preclusive effect. Therefore, if there was a proper forum for us to bring the claim again, we would be able to do that barring any, say, statute of limitations issues. And I want to get to that in just one second, but I do just want to say that there's a real problem here when we're looking at SEMTEC and claim preclusion because what SEMTEC says is that you look at the law of the state. And Nevada law is problematic in this circumstance if we're looking at the law of the state because what the Nevada Supreme Court said in the Seminole Ruby case is that you look at a procedural rule to determine the preclusive effect. And it would be a very peculiar circumstance if we look at the Nevada rule of civil procedure to determine the preclusive effect of a dismissal pursuant to a local court order in federal court. It just doesn't work. I'm not sure I understand that because Nevada can set up its rules however it sees fit. It can have rules of civil procedure. It could have just simply doctrine of civil procedure that people would need to follow. In this case, the Nevada Supreme Court in the Ruby case, the Penny Mack case, has said this is how we are going to have our law of preclusion, and whether the source of that law is a rule of civil procedure or state common law, it would still seem to be entitled to preclusive effect under the SEMTEC case. Well, I disagree, Your Honor, because SEMTEC was, and I see my time is over if I may just answer your question. In SEMTEC, it was a different analysis because the 12b-6 was based on the statute of limitations issue. And California law had said that that is not entitled to preclusive effect. Here we have a different situation where you have a 12b-6 dismissal based on failure to comply with a local rule, and it creates a problem, I think, if you have the Nevada court construing what the preclusive effect of such an order is. Thank you. Thank you very much. The case of the Bank of New York Mellon v. 7321 Wandering Street Trust is submitted.
judges: Bea, Collins, Bress